UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC J. LIVELY,

    Petitioner,

    v.

S. PEERY,

    Respondent.

No. 2:21-cv-2203 AC P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Although the pleading is styled as a § 2254 petition, it does not challenge petitioner's sentence or conviction.  Instead, petitioner's claims relate to the prison's alleged failure to follow COVID protocols, improper removal of asbestos, and failure to properly process grievances—all of which involve conditions of confinement—and petitioner appears to seek an injunction related to this behavior.  ECF No. 1 at 3, 5, 7.  Accordingly, the petition should have been brought as a civil rights action under 42 U.S.C. § 1983.  Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[I]f a state prisoner's claim does not lie at 'the core of habeas

////

corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983," (internal citations omitted)).

Petitioner will be given the option to either voluntarily dismiss his petition or to convert this action to a civil rights complaint.[1]  If petitioner chooses to convert this action to a civil rights complaint, he must also submit an amended complaint that specifies how the warden,[2] or any other individuals he seeks to name as defendants, were personally involved in the alleged violations of his constitutional rights.[3]  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant." (citation omitted)).  Petitioner must also submit either an application to proceed in forma pauperis or the $402.00 in filing fees for a civil action.  He is informed that the granting of in forma pauperis status for a prisoner's civil rights action does not result in waiver of the fee, but in its payment in installments over time.  See 28 U.S.C. 1915(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the service of this order, petitioner must notify the court whether he would like to voluntarily dismiss the petition or convert this action into a civil rights complaint under 42 U.S.C. § 1983.  If petitioner does not notify the court how he wishes to proceed, it will be recommended that the petition be dismissed for lack of habeas jurisdiction.

////

---

[1] In giving petitioner this option, the court makes no representation as to the merits of petitioner's claims or his chances of success.

[2] The court notes that the warden may be an appropriate defendant from whom to receive injunctive relief.  See Colwell v. Bannister, 763 F.3d 1060, 1071 (9th Cir. 2014) (warden may be appropriate defendant for injunctive relief without having been personally involved in constitutional violation (quoting Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.33d 1114, 1127 (9th Cir. 2013)).  However, plaintiff must still state a viable claim against at least one individual based on that individual's violation of plaintiff's rights.

[3] If the alleged violations are due to a policy, petitioner must identify both the policy and the individual responsible for implementing the policy.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (liability may exist without any personal participation if an official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." (citations and quotations marks omitted)), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

2. If petitioner chooses to convert this action to a complaint under 42 U.S.C. § 1983, his notification must be accompanied by an amended complaint and either a completed application to proceed in forma pauperis or the $402.00 in filing fees.

3. The Clerk of the Court is directed to send petitioner a copy of the prisoner complaint form used in this district and an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: December 6, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE